UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KEVIN L. MILLER,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-295

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE AND AFFIRMED; AND (2) THIS CASE BE CLOSED ON THE COURT'S DOCKET**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (docs. 6, 7), and the record as a whole.[3]

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 404.1520 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

# I.

## A. Procedural History

Plaintiff filed for DIB and SSI alleging a disability onset date of April 25, 2013. PageID 331-57. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, degenerative disc disease of the lumbar spine, early degenerative joint disease of the knees, fibromyalgia, diabetes mellitus, sleep apnea, anxiety, posttraumatic stress disorder ("PTSD"), and a depressive disorder. PageID 1781.

After initial denial of his applications, Plaintiff received a hearing before ALJ Anna Sharrard on March 25, 2015. PageID 90-125. The ALJ issued a decision on June 24, 2015 finding Plaintiff not disabled. PageID 61-83. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[4] "there are jobs in that exist in significant numbers in the national economy that [he] can perform[.]" PageID 68-83.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 49-51. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). On appeal to this Court, Judge Rice granted the parties' joint stipulation to remand to the Commissioner thereby reversing ALJ Sharrard's non-disability finding and remanding the case to the Commissioner for additional administrative proceedings. PageID 1931.

---

[4] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id*. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 404.1567(a).

On remand, Plaintiff received a hearing before ALJ Elizabeth A. Motta on February 6, 2017. PageID 1810-45. ALJ Motta issued a decision on June 27, 2017 finding Plaintiff not disabled. PageID 1778-97. Specifically, ALJ Motta found at Step Five that, based upon Plaintiff's RFC to perform a reduced range of light work, "there are jobs in that exist in significant numbers in the national economy that [he] can perform[.]"[5] PageID 1788-97.

Thereafter, the Appeals Council denied Plaintiff's request for review, making ALJ Motta's non-disability finding the final administrative decision of the Commissioner. PageID 1775-77. *See Casey*, 987 F.2d at 1233. Plaintiff then filed this timely appeal challenging the non-disability finding by ALJ Motta (hereafter "ALJ"). *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B. **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 1778-97), Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 12), and Plaintiff's reply (doc. 13). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

**II.**

A. **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

---

[5] ALJ Motta independently made this determination. Because the record reflects new and material evidence supporting fibromyalgia, diabetes mellitus, and PTSD, ALJ Sharrard's RFC was not binding on ALJ Motta. *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997); *Dennard v. Sec. of Health & Human Servs.*, 907 F.2d 598, 600 (6th Cir. 1990).

3

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity;

2. Does the claimant suffer from one or more severe impairments;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

On appeal, Plaintiff argues a single error: that the ALJ improperly weighed medical opinion evidence including, *inter alia*, opinions from treating pain specialist Srinivas Erragolla, M.D.; treating physician Donald Pohlman, M.D.; and treating psychiatrist Pravesh Patel, M.D.; record reviewing physicians Jeffrey Vasiloff, M.D. and Lynne Torello, M.D.; and record reviewing psychologists Robelyn Marlow, Ph.D. and Paul Tangeman, Ph.D. Doc. 11 at PageID 2721-28. In an argument related to this suggested error, Plaintiff also contends the ALJ erred by improperly reviewing a Department of Veterans Affairs ("VA") disability ratings decision. *Id.*

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical

evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

A treater's opinions must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinions is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

**Dr. Erragola**

On remand, the ALJ was specifically instructed to evaluate the manipulative restrictions described by treating physician Dr. Erragola. PageID 1641-42, 1793. Dr. Erragola opined that Plaintiff is capable of using his hands for grasping, turning and twisting objects for 5-10% of the time; his fingers for fine manipulation 5% of the time; and his arms for reaching only 10% of the time. PageID 1641-42. Dr. Erragola also limited Plaintiff to sitting no more than four hours

6

during an eight hour workday. PageID 1641-42. The ALJ assigned Dr. Erragola's opinion "some weight," but stated the limitations as to the "upper extremities and his restriction to four hours of sitting are not entitled to controlling, deferential, or even significant weight." PageID 1794. The ALJ notes a lack of clinical findings related to Plaintiff's upper extremities in Dr. Erragola's records, such as atrophy, decreased sensation or strength, or reduced coordination. PageID 1793. The ALJ also notes that the record does not support sitting no more than four hours in an eight hour workday, "particularly in light of the objective testing showing disc space narrowing in the lumbar spine with no evidence of nerve root compression or compromise." PageID 1793.

The undersigned finds that the ALJ reasonably rejected Dr. Erragola's opinions regarding Plaintiff's use of his upper extremities and Plaintiff's sitting limitation by noting that they were not supported by: (1) any clinical findings concerning Plaintiff's upper extremities; and (2) normal clinical findings noted by Dr. Erragola -- including normal gait, negative straight leg raise test, and full strength and normal sensation in his lower extremities, with some mild tenderness in his back -- upon examination. PageID 1146. While the undersigned may have reached a different conclusion if considering the record upon a *de novo* review, the Court must give deference to the ALJ's decision where, as here, it is supported by substantial evidence. *Blakley*, 581 F.3d at 406.

**Dr. Pohlman**

The record in this case contains two opinions from treating physician Dr. Pohlman. PageID 1424-28. These opinions are in the form of Plaintiff's "Certification of Health Care Provider for FMLA Leave" addressing Plaintiff's fibromyalgia pain from October 26, 2012 through October 26, 2013. *Id.* The ALJ assigned Dr. Pohlman's opinions "some weight." *Id.*

7

In weighing Dr. Pohlman's opinions, the undersigned notes the ALJ's failure to mention the concept of "controlling weight." PageID 77. Any error in this regard can be harmless if the ALJ "has otherwise met the regulation's goal." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 380 (6th Cir. 2013). The undersigned finds that the ALJ otherwise met the regulation's goal in rejecting Dr. Pohlman's April 2014 opinion by noting that: (1) the limitations are inconsistent with the evidentiary record and are rejected for the same reasons as Dr. Erragola's assessment concerning the upper extremities; and (2) normal clinical findings noted by Dr. Pohlman -- including normal sensory perception in Plaintiff's extremities -- upon examination. PageID 1794. Like Dr. Erragolla's opinion, while the undersigned may have reached a different conclusion if considering the record upon a *de novo* review, the Court must give deference to the ALJ's decision where, as here, it is supported by substantial evidence. *Blakley*, 581 F.3d at 406.

**Dr. Patel**

With regard to Dr. Patel, the ALJ properly weighed his opinion and provided a meaningful explanation for not relying on it to find Plaintiff disabled. PageID 1794. Dr. Patel's opinion states, "[Plaintiff] has applied for [SSI]. He does not think he can work due to dealing with medical and mental health issues. Per this clinician's opinion, [Plaintiff] is unlikely to be engaged in[] meaningful sustained employment due to his chronic medical and mental conditions." PageID 2513. A medical source's opinion -- including the opinion of a treating medical source -- that a claimant is disabled is an issue "reserved to the Commissioner" and not entitled to "any special significance. 20 C.F.R. § 404.1527(d)(1).

While such an opinion must be considered, *see* SSR 96-5p, 1996 WL 374183, at *2-3 (1996), the ALJ did so in this case. *See* PageID 1794. Thus, the ALJ followed the proper regulatory procedures in considering Dr. Patel's opinion, and his conclusion concerning such opinion is supported by substantial evidence.

8

### Record Reviewers Drs. Vasiloff, Torello, Marlow, and Tangeman

Record reviewing Drs. Vasiloff, Torello, Marlow, and Tangeman each provided an opinion in this case. PageID 146-60, 162-76. The ALJ assigned opinions by Vasiloff and Torello "significant weight" with the "exception that their opinions concerning balancing and the lack of manipulative or reaching limitations are assigned no weight." PageID 1792. The ALJ assigned "significant weight" to the opinions by Marlow and Tangeman, but noted the absence of a limitation as to Plaintiff's ability to interact with others. PageID 1792. In light of evidence in the record supporting additional limitations beyond those opined by Drs. Vasiloff, Torello, Marlow, and Tangeman, the ALJ added limitations to Plaintiff's RFC which are more restrictive, (and therefore advantageous to Plaintiff), than the opinions by Drs. Vasiloff, Torello, Marlow, and Tangeman. *Id.* Thus, the ALJ's reasonable analysis of their opinions is supported by substantial evidence.

### VA Rating Decision

The evidence of record also includes a VA rating decision. PageID 369-74. Although the ALJ must consider Plaintiff's VA rating decisions, they are non-binding and are not entitled to any specific weight. *See Briskey v. Astrue*, No. 1:09-cv-2705, 2011 U.S. Dist. LEXIS 14754, *1, at *3-4 (N.D. Ohio Feb. 15, 2011); *see also Fuller v. Astrue*, No. 3:10-cv-330, 2011 U.S. Dist. LEXIS 57258 at * 8 (S.D. Ohio Apr. 14, 2011) (noting the Commissioner is not bound by findings of another governmental agency concerning whether or not an individual is disabled). The ALJ is required, however, to provide reasons for the weight assigned. *See Briskey*, 2011 U.S. Dist. LEXIS 14754 at *4 (citing *Proctor v. Comm'r of Soc. Sec.*, No. 1:09-cv-127, 2010 U.S. Dist. LEXIS 108463 at *9 (S.D. Ohio Sept. 17, 2010)); Social Security Ruling 06-03p, 2006 SSR LEXIS 5.

Here, the ALJ stated:

> The VA Disability Rating System is diagnosis-driven and percentages are assigned based on diagnoses and certain specific objective or clinical findings. It is not based on a determination of the remaining [RFC] despite a claimant's impairments. Further, the statement that [Plaintiff] is housebound is not consistent with his reports of attending doctor appointments, going to his children's activities, attending church, and grocery shopping, all of which he testified to performing. Accordingly… [the VA Disability Ratings] are entitled to little weight.

PageID 1794-95. Because the ALJ acknowledged and considered the relevant decisions and explained her rationale for finding the limitations in the RFC, the Court finds no error.

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue including, *inter alia*, the VA rating decision; properly weighed opinion evidence from, *inter alia*, Drs. Erragola, Pohlman, Patel, Vasiloff, Torello, Marlow, and Tangeman based upon reasons supported by substantial evidence; reasonably assessed Plaintiff's credibility; posed appropriate hypothetical questions to the VE; accurately determined Plaintiff's RFC; and appropriately concluded, at Step Five, that Plaintiff can perform a significant number of jobs in the national economy.

**IV.**

For the foregoing reasons, the Court finds Plaintiff's sole assignment of error unmeritorious. **IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and (2) this case be **CLOSED**.

Date:  March 15, 2018                              s/ Michael J. Newman
                                                   Michael J. Newman
                                                   United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).